UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| ANTHONY PRICE, | Case No.: 3:20-cv-00609-RCJ-WGC |
|---|---|
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | |
| WASHOE COUNTY JAIL, et. al., | Re: ECF Nos. 1, 1-1 |
| Defendants | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff, who is an inmate in the Washoe County Detention Facility (WCDF), has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $0, and his average monthly deposits were $0.

Plaintiff's application to proceed IFP should be granted. Since Plaintiff has no account balance or deposits, he should not be required to pay an initial partial filing fee; however, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule

12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. He names as defendants: Washoe County Jail, Sparks Justice Court, Reno Justice Court, and NaphCare.

1    Plaintiff alleges that between October 25 and November 1, 2020, 30 inmates and eight
2 officers were sick with Covid-19 in the WCDF. Plaintiff states that workers and staff came in
3 and out of the unit, and he had not been tested, and he was in fear for his life.

4    Plaintiff further alleges that he was kept in the jail against his right to a preliminary
5 hearing within 15-days and speedy trial, and without being appointed an attorney.

6    Preliminarily, Sparks Justice Court and Reno Justice Court should be dismissed with
7 prejudice. Under the Eleventh Amendment, a state or its agencies cannot be sued without their
8 consent. Nevada has explicitly refused to waive its immunity to suit under the Eleventh
9 Amendment. NRS 41.031(2). State courts are agencies of the state, and as such, are not
10 "persons" subject to suit under section 1983. *O'Connor v. State of Nev.*, 507 F.Supp. 546, 550
11 (D. Nev. 1981), *aff'd*, 686 F.2d 749 (9th Cir. 1982). Reno and Sparks Justice Courts are part of
12 the state court system. *See* Nev. Const. art. 6, § 1.

13    WCDF should also be dismissed with prejudice. Under Nevada law, "in the absence of
14 statutory authorization, a department of the municipal government may not, in the department
15 name, sue or be sued." *Wayment v. Holmes*, 112 Nev. 232, 237-38, 912 P.2d 816, 819 (1996).
16 Therefore, the WCDF is not a proper defendant. Washoe County may be a proper defendant. A
17 municipality may not be sued under a theory of *respondeat superior*—the theory that an
18 employer is liable for the wrongful conduct of its employee committed within the scope of
19 employment. Municipalities can be liable for the infringement of constitutional rights under
20 certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978). A
21 municipality may *not* be sued under a theory of *respondeat superior*—the doctrine that holds an
22 employer liable for its employee's wrongful acts that are committed within the scope of
23 employment. *Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). Instead, "[a]

plaintiff must [ ] show 'deliberate action attributable to the municipality [that] directly caused a deprivation of federal rights.'" *Id*. (quoting *Bd. Of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997)).

The plaintiff asserting liability on behalf of a municipality under *Monell* must allege and prove: (1) the plaintiff had "a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange,* --- F.4th ---, 2021 WL 3137954, at *9 (9th Cir. 2021) (internal quotation marks and citation omitted).

"A governmental policy is 'a deliberate choice to follow a course of action … by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Id*. (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "First, a local government may be held liable when it acts 'pursuant to an expressly adopted official policy.'" *Id*. (quoting *Thomas v. County of Riverside,* 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam)). "Second, a public entity may be held liable for a 'longstanding practice or custom.'" *Id*. (quoting *Thomas*, 763 F.3d at 1170)). "Such circumstances may arise when, for instance, the public entity 'fail[s] to implement procedural safeguards to prevent constitutional violations,' or sometimes, 'when it fails to train its employees adequately." *Id*. (citing *Tsao v. Desert Palace, Inc.*, 689 F.3d 1128, 1143 (9th Cir. 2012); *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014)). "Third, 'a local government may be held liable under [Section] 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's

unconstitutional decision or action and the basis for it.'" *Id*. (quoting *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), internal quotation marks omitted).

"An unconstitutional policy need not be formal or written to create municipal liability under Section 1983; however, it must be 'so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" *Id*. (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)). "'Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out a policy.'" *Id*. (quoting *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff has not made sufficient *Monell*-type allegations at this juncture to proceed against Washoe County. Therefore, to the extent he is attempting to assert a claim against Washoe County related to Covid-19 testing and social distancing measures, the claim should be dismissed, but with leave to amend. If Plaintiff chooses to amend, he will need to assert allegations adequate to hold Washoe County liable under *Monell*, as he does not name any individual defendant as being liable for such conduct.

Plaintiff also sues NaphCare, presumably for the allegations regarding Covid-19 testing. The Ninth Circuit has held that *Monell* applies to suits against private entities under section 1983. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-45 (9th Cir. 2012). Multiple decisions within this district have found that *Monell* applies to claims against NaphCare, which contracts to provide medical care in some detention facilities within Nevada. *See e.g. Gardner v. Las Vegas Met. Police Dep't*, 2:17-cv-00352-PAL, 2019 WL 1923634, at *8 (D. Nev. Apr. 29, 2019); *Cabrera v. CCDC*, 2:12-cv-0918-RFB-CWH, 2016 WL 1449581, at *7 (D. Nev. Apr. 12, 2016), *aff'd,* 690 Fed.Appx. 468 (9th Cir. 2017); *Ziegler v. LVMPD*, 2:11-cv-1301-JAD-VCF,

7

2015 WL 355422, at *2 (D. Nev. Jan. 27, 2015); *Denson v. Gillespie*, 2:10-cv-0525-APG-VCF, 2015 WL 56037, at *2 (D. Nev. Jan. 5, 2015); *Repass v. CCDC*, 2:13-cv-0237-APG-GWF, 2014 WL 335040, at *7 (D. Nev. Jan. 29, 2014); *Cavalieri v. LVMPD*, 2:11-cv-0351-ECR-CWH, 2012 WL 849466, at *7 (D. Nev. Mar. 13, 2012).

Plaintiff does not include *Monell* allegations against NaphCare, and NaphCare should be dismissed, but with leave to amend.

Even, if Plaintiff had sued the correct defendants or included sufficient allegations to hold Washoe County or NaphCare liable, his complaint is substantively deficient as to this claim.

Insofar as Plaintiff alleges that he was not tested after multiple people within the prison contracted Covid-10, in *Gordon v. County of Orange*, the Ninth Circuit concluded that "claims for violations of the right to adequate medical care 'brought by pretrial detainees against individuals under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard[.]" 888 F.3d 1118, 1124-25 (9th Cir. 2018). The elements are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved-making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.*

The only allegations that Plaintiff includes are that some inmates and staff members were sick with Covid, and workers and staff were allowed to go in and out of the unit, and Plaintiff had not been tested. He also makes a reference to a lack of social distancing between inmates. Plaintiff does not allege that he was in fact exposed to someone infected with Covid-19 or that he was experiencing any symptoms. While the court is cognizant that those in prisons and jails are

8

inherently at higher risk of contracting Covid-19 and that Covid-19 has continued to ravage America's jails and prisons[1], Plaintiff does not include sufficient factual allegations to demonstrate objectively unreasonable conduct in his complaint. If he chooses to amend, he will need to cure this deficiency.

Finally, Plaintiff alleges that he did not have a preliminary hearing within 15-days, his right to a speedy trial was violated, and he was being kept in the jail without being appointed an attorney.

A habeas petition, rather than a civil rights complaint under section 1983, is the proper vehicle to bring claims of detention without a preliminary hearing and violation of speedy trial rights. *See e.g. McNeely v. Blanas,* 336 F.3d 822 (9th Cir. 2003) (detainee petitioned for writ of habeas corpus alleging continued detention without preliminary hearing or trial violated speedy trial rights); *Ricardez v. Edwards,* No. 3:21-cv-05437-RAJ-JRC, 2021 WL 2936675, at *2 (W.D. Wash. July 13, 2021) (claims that he was being confined in violation of right to speedy trial could only be raised in a habeas petition); *Mose v. United States*, 2:20-cv-10158-CAS-KES, 2020 WL 8084251, at * 3 (C.D. Cal. Nov. 16, 2020); *Lopez v. Haskell*, No. 18-cv-01196C-JC-KES, 2018 WL 4223765, at *4 (C.D. Cal. July 11, 2017), report and recommendation adopted by 2018 WL 4219191 (C.D. Cal. Sept. 4, 2018).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The alleged violation of his right to counsel in his criminal proceeding should also be raised in his criminal action, if still ongoing, or in a post-conviction or habeas proceeding after exhausting

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/living-prisons-jails.html, last visited August 17, 2021; https://uclacovidbehindbars.org/ and https://uclacovidbehindbars.org/states/nevada, last visited August 17, 2021.

all required remedies. *See Strickland v. Washington*, 466 U.S. 668 (1984) (recognizing Sixth Amendment right to counsel in context of habeas petition).

In addition, it is inappropriate for a federal court to weigh in on ongoing state court criminal proceedings under the doctrine of *Younger* abstention. *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention prohibits federal courts from intervening in ongoing state criminal proceedings "unless the petitioner can demonstrate that extraordinary circumstances warrant federal intervention." *Brown v. Ahern*, 676 F.3d 899, 901 (9th Cir. 2012) (quotation marks and citation omitted). *Younger* abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Here, it appears there is an ongoing state criminal proceeding, which implicates important state interests because it involves an alleged violation of state criminal law being adjudicated in state court. There is no indication that he cannot raise his constitutional claims in state court.

Therefore, his claims about violation of his right to a speedy trial and right to counsel should be dismissed; however, the dismissal should be without prejudice so that Plaintiff may raise such claims in his criminal case or in a post-conviction or habeas petition after exhausting all required remedies.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1). Plaintiff should not be required to pay an initial partial filing fee; however, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding

month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk should be directed to **SEND** a copy of an order adopting and accepting this Report and Recommendation to the attention of **Chief of Inmate Services for the Washoe County Detention Facility**, 911 E. Parr Blvd., Reno, NV 89512.

(2) **FILING** the complaint (ECF No. 1-1).

(3) **DISMISSING WITH PREJUDICE** Sparks Justice Court and Reno Justice Court.

(4) **DISMISSING WITH PREJUDICE** WCDF.

(5) To the extent Plaintiff attempts to assert a claim against Washoe County and NaphCare for violation of the Fourteenth Amendment concerning his not being tested for Covid-19 and social distancing measures in the jail, the claim should be **DISMISSED WITH LEAVE TO AMEND**.

(6) **DISMISSING WITHOUT PREJUDICE** Plaintiff's claims that his right to a speedy trial and right to counsel in his criminal case have been violated so that he may raise them in his criminal proceeding or in a post-conviction or habeas petition after exhausting all required remedies.

(7) Plaintiff should be given **30 days** to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 17, 2021

                                                                                  William G. Cobb
                                                                                   United States Magistrate Judge