UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY PRICE,<br><br>    Plaintiff<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>    Defendants | Case No.: 3:20-cv-00609-RCJ-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action due to Plaintiff's failure to prosecute and update his contact information.

**I. BACKGROUND**

When Plaintiff filed this action, he was in custody of the Washoe County Detention Facility (WCDF). (ECF No. 1.) He filed a pro se civil rights action under 42 U.S.C. § 1983. He was then in the custody of the Nevada Department of Corrections (NDOC). (*See* ECF Nos. 27, 34, 38.) On March 21, 2023, he filed a notice of change of address indicating he is out of custody. (ECF No. 87.)

The court screened Plaintiff's amended complaint and allowed him to proceed with a Fourteenth Amendment claim for unsafe conditions of confinement related to COVID-19 policies against Washoe County and Naphcare. (ECF No. 28.)

1     On March 27, 2023, the court issued an order denying as moot Plaintiff's motion to stay claims and discovery of medical records. (ECF No. 88.) This was served on him at his latest address of record. The order was returned as undeliverable. (ECF No. 89.)

     On April 5, 2023, the court issued an order advising Plaintiff that he is required to immediately file with the court written notification of any change of contact information, and a failure to do so may result in dismissal of the action or other sanctions deemed appropriate by the court. The court gave Plaintiff until April 26, 2023, to file and serve a notice of change of address, and was cautioned that a failure to do so would result in a recommendation for dismissal of this action with prejudice. (ECF No. 90.)

     To date, Plaintiff has not filed updated contact information or otherwise indicated an intent to continue to prosecute this action.

## II. DISCUSSION

     Local Rule IA 3-1 provides that the court may impose a sanction, including dismissal, when a litigant fails to file updated contact information with the court.

     In addition, Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

     Plaintiff has neither filed his updated contact information, nor indicated an intent to prosecute this action despite the court giving him opportunities to do so.

     In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to update his contact information or further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b) and Local Rule IA 3-1.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**, and **DENYING AS MOOT** the pending dispositive motions (ECF Nos. 44, 57, 59.)

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 1, 2023

_____
Craig S. Denney
United States Magistrate Judge