UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANOTHY PRICE,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, et al.,<br><br>    Defendant. | 3:20-cv-00609-RCJ-CSD<br><br>**ORDER** |

Pending before the Court, by order of the Ninth Circuit, (Dkt. 111), are Plaintiff Anthony Price's Motions to Reopen, (Dkt. 97, 100, 101), and Motion to Reconsider, (Dkt. 102). For the following reasons, the Court **DENIES** Price's motions.

**I.     Background**

This case was dismissed with prejudice on May 22, 2023, (Dkt. 94), because Price "neither filed his updated contact information, nor indicated an intent to prosecute this action despite the court giving him opportunities to do to." (Dkt. 92 at 2); *see also* Local Rule IA 3-1 (failure to

comply with change of contact information rule "may result in the dismissal of the action"); Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

Price later appealed the Court's dismissal. (Dkt. 103). Prior to his appeal, Price filed four motions seeking relief from the dismissal, which the Court construes as motions under Rule 60. The first seeks to "redress recommendation" made by the magistrate judge to this Court. (Dkt. 97). The second seeks to "redress opposition [to] lack of subject matter jurisdiction[.]" (Dkt. 100). The third seeks "relief to meet and confer reversing dismissal on grounds of undelivered mail[.]" (Dkt. 101). And the fourth seeks reversal of dismissal under Rule 60(b)(1). (Dkt. 102). Before the appeal can proceed, the Ninth Circuit has asked this Court to decide on the pending motions. (Dkt. 111).

## II. Legal Standard

In each of his motions, Plaintiff in essence is asking this Court to set aside its judgment dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 60(b)(1). This rule provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b) allows the court to vacate a judgment in "limited circumstances," and its relief may be granted only "sparingly." *Washington v. Ryan*, 833 F.3d 1087, 1091, 1094 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 1581 (2017). The Ninth Circuit has explained that such relief can be applied only in a "narrow band of cases." *Id.*

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court interpreted "neglect" to encompass "both simple, faultless omissions to act and,

more commonly, omissions caused by carelessness." *Id*. at 388.  In assessing whether a set-side is justified by a party's excusable neglect, courts apply a four-part test: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Id*. at 395.  The Court will consider each factor in turn.

### III.   Analysis

Price appears to raise two primary concerns in his various motions.  First, he seeks relief from the Court's Order dismissing the case on the basis that there was excusable neglect because he "never received the court's order[.]"  (Dkt. 97 at 1); (Dkt. 100 at 2); (Dkt. 101 at 3–4); (Dkt. 102 at 2–3).  Second, he appears to argue that relief is warranted based on mistake by contesting jurisdictional arguments made by Defendants in their Motion to Dismiss, (Dkt. 59), which were never reached by the Court because the motion was denied as moot, (Dkt. 94).  (Dkt. 100); (Dkt. 102).

As to Price's second argument alleging mistake, the Court's dismissal made no determination as to whether there was a jurisdictional bar to his case, thus there is no mistake that could warrant relief from the dismissal.  Regarding his excusable neglect argument resulting from undelivered mail, the Court finds that, under the *Pioneer* factors, it would be inequitable to excuse the neglect exhibited by Price prior to dismissal.  *See Turner v. Nev. Dep't of Corr.*, 2016 WL 4203818, at *4 (D. Nev. Aug. 8, 2016), *aff'd sub nom. Turner v. High Desert State Prison*, 695 F. App'x 336 (9th Cir. 2017).  Finding no evidence of mistake, inadvertence, surprise, or excusable neglect, the Court declines to grant relief on either basis.

### A.  Prejudice to the Defendant

To be prejudicial, the "standard is whether [Defendants'] ability to pursue [their defenses] will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).  The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion.  *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), overruled on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).  The loss of a quick victory does not constitute prejudice.  *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

In this case, Price's continued delay in updating his address, which resulted in dismissal, is prejudicial to Defendants.  This case was pending for nearly three years prior to dismissal, and it had not yet even progressed past the motion to dismiss phase.  (*See* Dkt. 81).  In their response,[1] Defendants argue, and the Court agrees, that "as more time passes, Defendant becomes more prejudiced with witness memories of how the specific day-to-day practices evolved during the pandemic." (Dkt. 98 at 3).  Thus, this factor does not weigh in favor of Price.

### B.  Length of Delay

Next, the Court considers whether Plaintiff's neglect caused significant delay and the subsequent impact on the proceedings.  *Pioneer*, 507 U.S. at 395.  Price demonstrated multiple times that he knew of his obligation to update his address with the Court and that he was capable of doing so.  (Dkts. 27, 34, 38, 60, 87).  Even so, mail continued to be returned as undeliverable.  (Dkts. 83, 84, 89, 91).  On April 5, 2023—almost three years since the case was first filed—the

---

[1]  The response filed by Defendant Washoe County, (Dkt. 98), was joined by Defendant Naphcare, Inc. (Dkt. 99).

Court ordered Price to file and serve notice of change of address within 21 days warning that failure to do so would result in dismissal under Local Rule IA 3-1. (Dkt. 90). It was not until August 25, 2023—three months after the Court's ordered deadline—that Price bothered to check the status of his case and provide notice of change of address. (Dkt. 96). The ongoing delays caused by Price's neglect caution against allowing him to reinitiate his prosecution.

### C. Reason for the Delay

When assessing the reason for the delay, the Supreme Court interprets Congress's intent as permitting courts "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388. Delays in filing resulting from "negligence and carelessness," not "deviousness or willfulness," may be considered excusable neglect. *Bateman*, 231 F.3d at 1225. The reasons put forth by Price in this case are not excusable.

It appears from Price's motions that he was in and out of custody (both state and federal), being "transferred form one place to another," during this litigation, which resulted in "inconvenient mail situations[.]" (Dkt. 97 at 1). Even so, Price already demonstrated throughout the case that he was aware of his obligation, and capable of fulling that obligation, to maintain an up to date address with the Court. (Dkts. 27, 34, 38, 60, 87). "Litigation is not a light switch that a party can turn off and on at his convenience," *Turner*, 2016 WL 4203818, at *4, and the Court is not persuaded that it should excuse Price's consistent failure to diligently litigate his case. The Court is not satisfied that a months-long delay in checking the status of his case, apparently caused by Price's circumstances "back and forth … out [of] the system," is merely careless, as opposed to willful. (Dkt. 101 at 3).

### D. Bad Faith

For the last factor, the Court examines whether Plaintiff acted in bad faith when he failed to respond to the Court's orders and meet its deadlines. While the Court cannot say he acted in bad faith, the Court is also not persuaded that Plaintiff acted in good faith when he failed to meet the Court's deadlines. As explained above, Price did not seek relief from dismissal until three months after it was ordered, and, importantly, it was ordered as a result of his pre-existing failure to comply with court orders and the unresponsiveness exhibited throughout litigation.

After considering all four the *Pioneer* factors, the Court finds that the factors weigh against setting aside judgment. Accordingly, the Court denies the motions.

### CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motions to Reopen, (Dkts. 97, 100, 101), are **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Reconsider, (Dkt. 102), is **DENIED**.

IT IS SO ORDERED.

Dated  November 22, 2023.

_____
ROBERT C. JONES
United States District Judge